# Supreme Court of the Navajo Nation

Harold Billie, Individually and on behalf
of others similarly situated, *Plaintiff-Appellee*,

*vs.*

John Abbott, as Director of the Utah
Office of Recovery Services, *Defendant-Appellant*.
Decided October July 29, 1987

## OPINION

*Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.*

R. Dennis Ickes, Esq., Salt Lake City, Utah for the Appellant; Steven
Boos, Esq. and Scott Groene, Esq., DNA-People's Legal Services, Mexi-
can Hat, Utah for the Appellee.

*Opinion delivered by Bluehouse, Associate Justice.*

The controlling issues in these consolidated appeals are: (1) whether the
appeal from the order granting a preliminary injunction is timely; and (2)
whether an order denying a motion to dismiss for lack of jurisdiction is a
final appealable order.[1]

The preliminary injunction enjoining the defendant, John Abbott, was
signed by the district judge on August 21, 1987. The order denying
Abbott's motion to dismiss for lack of jurisdiction was signed by the dis-
trict judge on September 1, 1987.

According to counsel for Abbott, his secretary telephoned the district
court clerk on September 18, 1987, to inquire about the date when the two
orders were signed. The secretary was informed by "Rose" from the district
court that both orders were signed by the judge on September 1, 1987.
Apparently, Abbott relied upon these communications with "Rose" and
filed two notices of appeal on October 01, 1987. The first is an appeal of

---

1. There are other issues presented by these appeals which we will not address. The appeals
can be decided on the issues identified here.

the order granting the preliminary injunction, and the second is an appeal of the order denying the motion to dismiss.

# I. Preliminary Injunction

This Court lacks jurisdiction over an appeal that is not filed within 30 days after the district judge has signed the final order. *The Navajo Tribe of Indians v. Yellowhorse, Inc.*, 5 Nav. R. 133 (1987); *Riverview Service Station v. Eddie*, 5 Nav. R. 135 (1987). In a prior case we said that "[t]he failure to file a notice of appeal within the time limits specified by statute is a jurisdictional defect and requires a dismissal by the Court." *In the Matter of Adoption of: Baby Boy Doe*, 5 Nav. R. 141 (1987). By statute, all appeals, unless otherwise provided by law, must be filed within 30 days after the district judge has signed the final order. 7 N.T.C. Sec. 801(a) (1985); Rule 8(a), NRCAP. Abbott's appeal of the order granting the preliminary injunction was filed 10 days after the time elapsed for filing the notice of appeal. We hold that this Court lacks jurisdiction over the appeal of the order granting the preliminary injunction.[2]

We are not persuaded by Abbott's argument that the appeal must be considered timely because Abbott relied upon information from Rose that the judge signed the orders on September 1, 1987. First, the Court takes judicial notice of the fact that Rose is not a clerk of the district court. Second, the court clerk is not held to a higher standard of legal knowledge than the attorney. *Tome v. Navajo Nation*, 5 Nav. R. 14 (1984). For this reason attorneys must not rely upon oral communications solicited from court staff. The law within this jurisdiction requires that an appeal must be filed based upon a written final order of the district court, and not based upon oral communications with district court clerks. The record is clear that Abbott's appeal of the order granting the preliminary injunction is late. This Court lacks jurisdiction to review that appeal on the merits.

# II. Motion To Dismiss

This Court has jurisdiction "to hear appeals from *final* judgments and other *final* orders of the District Courts of the Navajo Nation. . . ." 7 N.T.C. Sec. 302 (1985). (Emphasis ours). A person can only appeal from a "*final* judgment or other *final* order of a District Court of the Navajo

2. By this holding, we do not decide whether an appeal from an order granting a preliminary injunction is interlocutory.

Nation. . . ." 7 N. T. C. Sec. 801(a) (1985). (Emphasis ours). The inquiry then is whether an order denying a motion to dismiss for lack of jurisdiction is a final order of the district court that can be appealed.

We took the opportunity to touch upon the concept of finality of district court orders in the context of appellate jurisdiction in *Chuska Energy Company v. The Navajo Tax Commission*, 5 Nav. R. 98 (1986). There we recognized that a final court order results after all the substantial rights of the parties have been litigated and decided on the merits by the district court. *Chuska Energy Company, Id.* We further said that, "the entry of the final decision must preclude further proceedings in the lower tribunal." *Id.* at 102.

In effect, an order that precludes further proceedings on the merits will terminate a case. Thus, an order that terminates a case is final for purposes of appealability, even where it does not determine the merits of a case. In this case, the order denying the motion to dismiss did not terminate the case. We hold that an order denying a motion to dismiss is interlocutory and not final for purposes of appealability.

Interlocutory appeals are not allowed within the Navajo court system. *Chuska Energy Company, Id.*[3] However, certain questions of law can be certified to the appellate court for review. *Navajo Housing Authority v. Betsoi*, 5 Nav. R. 5 (1984). The denial of the motion to dismiss in this case is interlocutory and it can not be appealed.

Both appeals from the respective orders of the Window Rock District Court are dismissed for lack of jurisdiction. Further, the motion for sanctions is denied.

---

3. See also Orders of dismissal in *Thompson v. General Electric Credit Corporation*, 1 Nav. R. 234 (1977); *Todachine v. The Navajo Tribe*, 1 Nav. R. 245 (1977); *Pelt v. Pelt*, 2 Nav. R. 127 (1979); *Mike v. Pete*, 2 Nav. R. 129 (1979); *Sellers v. Babbitt Ford, Inc.*, 2 Nav. R. 147 (1979); *In the Matter of the Estate of: Nez*, 3 Nav. R. 15 (1980).